### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 06 CR 451-10 |
| | ) | |
| KEVIN WILLIAMS | ) | |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In 2009, the Court sentenced Kevin Williams to a prison term of 204 months (seventeen years) following his guilty plea to a charge of conspiracy to distribute heroin and fentanyl. Williams was a member of a street gang that ran an extensive drug distribution operation in a public housing complex on the South Side of Chicago. He served in the role of a shift supervisor.

Williams was separately prosecuted in state court for attempted murder. The state court judge also imposed a seventeen-year prison term and made it run concurrently with Williams's federal term. There was until recently a state detainer based on a claimed ambiguity in the state court judgment, but that has been resolved, and it is now clear that upon release from federal prison, Williams will not be transferred to state or Cook County custody but rather will simply be released.

Williams was arrested in June 2006 and has been in custody continuously since that time. He has served nearly fourteen years in prison. His anticipated release date, per the Bureau of Prisons website, is December 14, 2020.

Williams has filed a motion for early release under 18 U.S.C. § 3582(c)(1)(A). He cites his medical conditions and the risks posed by the coronavirus. His motion is made

under section 603(b) of the First Step Act, which amended 18 U.S.C. § 3582(c)(1)(A) to provide a greater role for courts in determining whether to reduce a defendant's sentence based on "extraordinary and compelling reasons" warranting a reduction. As amended, and as applicable here, the statute provides that

> [t]he court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Williams has satisfied the administrative exhaustion requirement, as of today. He delivered a request for early release to the warden of his prison, FCI Elkton, on April 14, 2020. As of today his request for early release has not been acted upon or has been denied.

The next question is whether there are "extraordinary and compelling reasons" warranting a reduction. Williams cites the coronavirus outbreak and his medical condition, which he contends places him at a significantly greater risk of severe injury if

he contracts the virus. Williams suffers from asthma, which is a confirmed risk factor for serious illness if one contracts coronavirus, at least if it is "moderate" asthma or worse. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited May 14, 2020). At this point, it appears from the parties' submissions that Williams may have contracted the virus but has now cleared quarantine. It is conceivable that he has ended up with a (thankfully) mild case of coronavirus disease. But there is no guarantee that this eliminates the risk of lung damage or future infection. And he is being held at a prison that has had a significant incidence of coronavirus infections. *See* https://www.bop.gov/coronavirus/index.jsp (last visited May 14, 2020). The Court concludes that Williams has shown an extraordinary reason warranting consideration of a reduction of his sentence.

      The next question is whether a reduction "is consistent with applicable policy statements issued by the Sentencing Commission." The policy statements issued by the Sentencing Commission even before the passage of the First Step Act included an open-ended provision broad enough to cover the circumstances argued by Williams. *See* U.S.S.G. § 1B1.13, app. note 1(D). *See, e.g., United States v. Reyes*, No. 04 CR 970, 2020 WL 1663129, at *2 (N.D. Ill. Apr. 3, 2020) (Leinenweber, J.).

      Finally, section 3582(c)(1)(A) requires the Court to consider the factors regarding imposition of an appropriate sentence set forth in 18 U.S.C. § 3553(a). These include Williams's history and characteristics; the nature and circumstances of the crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by Williams; and providing him with any necessary services and treatment.

3

Williams committed a very serious crime that caused significant harm to the community and people that live there. But at this point he has served almost 167 months in prison, and he is already scheduled to be released only seven months. In the Court's view, he has served enough time. The goals of just punishment and deterrence have been satisfied, and releasing Williams now will in no way diminish the seriousness of his offense or undercut respect for the law. In addition, the Court will, as a condition of reducing Williams's prison term, add a supervised release condition of four months of home detention with location monitoring.[1] In other words, Williams's liberty will continue to be restricted in a significant way for the next four months. This will help promote Williams's reintegration into the community.

## Conclusion

For the reasons stated, the Court grants defendant Kevin Williams's emergency motion for release under 18 U.S.C. § 3582 [dkt. no. 170] and reduces the defendant's prison sentence to time served. This is conditioned, however, upon a modification of the terms of his supervised release to add a requirement that the defendant serve the first six months of his release on home detention. Compliance with this condition shall be monitored by a form of location monitoring technology selected at the discretion of the probation officer, and Williams shall abide by all technology requirements. The Clerk will prepare an amended judgment and commitment order.

Date: May 14, 2020

_____
MATTHEW F. KENNELLY
United States District Judge

---

[1] It appears that Williams has a viable release plan that involves living with his older sister and her husband in a suburb of in Chicago. They are aware of his medical condition.